FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATRICK DUNCAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. DICKINSON,<br><br>　　　　Respondent. | No. CV 08-376-CJC (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On December 20, 2007, Petitioner Patrick Duncan, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Southern District of California. By Order filed January 18, 2008, the Southern District transferred the action to the Central District of California.

I.

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in the prior federal habeas corpus action brought by Petitioner: *Patrick Dwayne Duncan v. G. E. Harris*, CV 98-3802 DT (EE) ("Duncan I").

///

///

The records in Duncan I indicate that on May 15, 1998, Petitioner filed a petition for writ of habeas corpus in this Court. That petition challenged his December 14, 1995 conviction of murder, for which he was sentenced to 25 years to life plus 1 year. On February 27, 1997, the California Court of Appeal affirmed the judgment. On May 28, 1997, the California Supreme Court denied review. The petition for writ of habeas corpus in Duncan I challenged the trial court's failure to instruct on a lesser-included offense of involuntary manslaughter.

On March 19, 1999, this Court (District Judge Dickran Tevrizian) entered Judgment denying the petition in Duncan I and dismissing the action with prejudice.

The current Petition contains one ground for relief based on ineffective assistance of counsel in connection with the trial judge's alleged destruction of evidence in chambers. (Petition at 6.) The Petition concedes that this ground was not presented to the California Supreme Court. (*Id.*)

II.

**DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the court of appeals. *Burton v. Stewart*, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals,

consider a second or successive habeas petition.") (citation omitted), *cert. denied* 538 U.S. 984 (2003).

Here, the Petition is a second or successive petition that challenges the same custody imposed by the same judgment of the state court. It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file this Petition. This Court must, therefore, dismiss the Petition as a second or successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 127 S. Ct. at 796-98.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: February 15, 2008

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented By:

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE